John D. LaFaver, Secretary Kansas Department of Revenue 915 S.W. Harrison Street Topeka, Kansas 66612-1588
Dear Secretary LaFaver:
You request our opinion regarding the authority of the Post Auditor to request, and the Department of Revenue to disclose, state income tax returns and return information. You explain that the Post Auditor's request was made pursuant to K.S.A. 1996 Supp. 79-3234. You are concerned that the exception from confidentiality cited by the Post Auditor does not apply under the circumstances because the audit for which the records are requested is not of the Department of Revenue. In your opinion, the Department and its employees are restricted from providing the records and information requested under K.S.A. 1996 Supp. 79-3234(e), the secrecy oath signed by Department employees pursuant to Department policy, and 26 U.S.C.A. § 6103(a).
K.S.A. 1996 Supp. 79-3234 provides in part as follows:
 "(b) Except in accordance with proper judicial order, or as provided in subsection (c) or in K.S.A. 17-7511, subsection (g) of K.S.A. 46-1106, K.S.A. 46-1114, or K.S.A. 79-32,153a, and amendments thereto, it shall be unlawful for the director, any deputy, agent, clerk or other officer, employee or former employee of the department of revenue or any other state officer or employee or former state officer or employee to divulge, or to make known in any way, the amount of income or any particulars set forth or disclosed in any report, return, federal return or federal return information required under this act; . . .
 "(c) . . . Nothing in this section shall prohibit the post auditor from access to all income tax reports or returns in accordance with and subject to the provisions of subsection (g) of K.S.A. 46-1106 or K.S.A. 46-1114, and amendments thereto. . . . Any person receiving any information under the provisions of this subsection shall be subject to the confidentiality provisions of subsection (b) and to the penalty provisions of subsection (d).
 "(d) Any violation of subsection (b) or (c) is a class B misdemeanor and, if the offender is an officer or employee of the state, such officer or employee shall be dismissed from office.
 "(e) Notwithstanding the provisions of this section, the secretary of revenue may permit the commissioner of internal revenue of the United States, or the proper official of any state imposing an income tax, or the authorized representative of either, to inspect the income tax returns made under this act and the secretary may make available or furnish to [such officials], or their authorized representatives, information contained in income tax reports or returns . . . but such information shall not be used for any other purpose than that of the administration of tax laws of such state, the state of Kansas or the United States. . . ." (Emphasis added).
The above-quoted provision clearly excepts from its prohibition disclosure of information in accordance with and subject to the provisions of K.S.A. 46-1106(g) or K.S.A. 46-1114. K.S.A. 46-1106(g) provides in part:
 "In the discharge of the duties imposed under the legislative post audit act, the post auditor . . . shall have access to all books, accounts, records, files, documents and correspondence, confidential or otherwise, of any person or state agency subject to the legislative post audit act or in the custody of any such person or state agency. Except as otherwise provided in this subsection, the post auditor . . . and all employees and former employees of the division of post audit . . . shall be subject to the same duty of confidentiality imposed by law on any such person or state agency with regard to any such books, accounts, records, files, documents and correspondence, and any information contained therein, and shall be subject to any civil or criminal penalties imposed by law for violations of such duty of confidentiality. . . . Nothing in this subsection shall be construed to supersede any requirement of federal law."
K.S.A. 46-1114 provides similar access for the Post Auditor when directed by the Legislative Post Audit Committee to make an audit of "any records or matters of any person specified in this section." K.S.A. 46-1114(a). For audits conducted under this provision, the Post Auditor's access to records is subject to the restrictions in K.S.A. 46-1114(d).
K.S.A. 46-1106(g) gives the Post Auditor access to records needed to "discharge the duties imposed under the legislative post audit act." It is our understanding that the income tax records in question are being requested for an audit of a state agency conducted under K.S.A. 46-1108. Because the conduct of an audit under K.S.A. 46-1108 is a duty imposed under the Legislative Post Audit Act, the provisions of K.S.A. 46-1106(g) apply. See K.S.A. 46-1119.
While K.S.A. 46-1106(g) imposes on the Post Auditor and her employees the same duty of confidentiality imposed by law on the Department of Revenue and its employees with regard to income tax returns, we do not believe this prevents the Post Auditor from accessing state income tax returns when auditing a person or entity other than the Department. The language you reference in subsection (e) of K.S.A. 1996 Supp. 79-3234
is not a confidentiality provision, but rather a restriction on use of information obtained by the United States or another state pursuant to that subsection. Indeed, K.S.A. 1996 Supp. 79-3234(c) refers to subsection (b) as its confidentiality provision, not subsection (e). Further, Department policy requiring employee compliance with a secrecy oath cannot overcome the statutory authority of the Post Auditor to access Department records.
The provisions allowing the Post Auditor access to records of state agencies like the Department do not limit such access to situations where the audit is of the agency having custody of the records. Rather, when necessary to perform an authorized audit under K.S.A.46-1108, K.S.A. 46-1106(g) allows access to records, confidential or otherwise, "of any person or state agency subject to the legislative post audit act" and to records, confidential or otherwise, "in the custody ofany such person or state agency." (Emphasis added).
The access provisions of K.S.A. 46-1106(g) are subject to any contrary requirement of federal law. We therefore look to the federal confidentiality provision to determine the Post Auditor's authority to access income tax returns and return information.26 U.S.C.A. § 6103(a) provides that "returns and return information" shall be confidential except as authorized by Title 26 of the United States Code. Specifically, this law states that "no officer or employee of any State, . . .who has or had access to returns or return informationunder this section, . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise under the provisions of thissection." 26 U.S.C.A. § 6103(a)(2) (emphasis added). "Return" is defined as "any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with theSecretary by, on behalf of, or with respect to any person, . . . ." 26 U.S.C.A. § 6103(b)(1) (emphasis added). "Return information" is defined to include "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, . . . or any other data received by, recordedby, prepared by, furnished to, or collected by theSecretary with respect to a return . . . ."26 U.S.C.A. § 6103(b)(2)(A) (emphasis added). The "Secretary" referred to in these provisions is the Secretary of the Treasury. By its terms, this law applies only to release of returns and return information filed with or received by the Secretary. This was the conclusion reached by the Ninth Circuit Court of Appeals in Stokwitz v. U.S.,831 F.2d 893 (9th Cir. 1987), cert. denied 485 U.S. 1033,108 S.Ct. 1592, 99 L.Ed.2d 907 (1988). The Court held that release of federal and state tax returns by federal employees to various persons did not violate26 U.S.C.A. § 6103 because the returns (copies of originals that had been filed with the IRS) were obtained during the course of a search of the taxpayer's office, not from the IRS. The Court stated:
 "[S]ection 6103 is clearly designed to protect the information flow between taxpayers and the IRS by controlling the disclosure by the IRS of information received from taxpayers.
. . . .
 "Section 6103 establishes a comprehensive scheme for controlling the release by the IRS of information received from taxpayers to discrete identified parties, subject to specified conditions. As the district court noted, the statutory definitions of `return' and `return information' to which the entire statute relates, confine the statute's coverage to information that is passed through the IRS. The companion Treasury regulations, similarly, are exclusively concerned with disclosure by the IRS. See Treas.Regs. §§ 301.6103(a)-1 to (p)(7)-1 (1986).
 "That is as far as the statute goes. Contrary to appellant's contention, there is no indication in either the language of section 6103 or its legislative history that Congress intended to enact a general prohibition against public disclosure of tax information.
. . . .
 "[T]he statute is concerned solely with the flow of tax data to, from, or through the IRS." 831 F.3d at 894-896 (emphasis in original). See also Ungaro v. Desert Palace, Inc., 732 F. Supp. 1522, 1527
(D.Nev. 1989).
We agree with the conclusions reached by the Ninth Circuit Court of Appeals. Section 6103 only applies to returns and return information in the possession of the Department of Revenue received directly or indirectly from the IRS. Returns and return information in the hands of the Department that were received from taxpayers or other sources not covered by 6103 are not restricted by that section. Further, as mentioned inStokwitz, the federal regulations implementing26 U.S.C.A. § 6103 do not prohibit the State from disclosing information other than that "received from the Service." 26 C.F.R. § 301.6103(p)(7)-1.
In any event, Subsection (p)(8) of the federal statute contemplates disclosure of federal returns and return information in the situation at hand:
 "(A) Safeguards. — Notwithstanding any other provision of this section, no return or return information shall be disclosed after December 31, 1978, to any officer or employee of any State which requires a taxpayer to attach to, or include in, any State tax return a copy of any portion of his Federal return, or information reflected on such Federal return, unless such State adopts provisions of law which protect the confidentiality of the copy of the Federal return (or portion thereof) attached to, or the Federal return information reflected on, such State tax return.
 "(B) Disclosure of returns or return information in State returns. — Nothing in subparagraph (A) shall be construed to prohibit the disclosure by an officer or employee of any State of any copy of any portion of a Federal return or any information on a Federal return which is required to be attached or included in a State return to another officer or employee of such State (or political subdivision of such State) if such disclosure is specifically authorized by State law."
Kansas requires attachment of the federal return and inclusion of federal return information when filing state income tax returns. Subparagraph (p)(8)(B) specifically excludes from its application disclosure of federal returns and return information to other State officers and employees when such disclosure is authorized by state law, as under K.S.A. 1996 Supp. 79-3234
and K.S.A. 46-1106(g).
In conclusion, K.S.A. 1996 Supp. 79-3234 and K.S.A.46-1106(g) authorize the Post Auditor to access from the Department of Revenue state income tax returns and return information necessary for the conduct of an audit directed by the Legislative Post Audit Committee pursuant to K.S.A. 46-1108. 26 U.S.C.A. § 6103 does not prohibit disclosure of state income tax returns or return information to the Post Auditor pursuant to K.S.A. 1996 Supp. 79-3234 and K.S.A. 46-1106.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm